## SAMUEL WEINSTEIN *v.* AARON MEYER
[No. 25, January Term, 1937.]

*Decided April 9th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*David Friedman* and *Moses Cohen,* submitting on brief, for the appellant.

*J. Marshall Neel,* with whom were *Lester H. Crowther* on the brief, for the appellee.

SHEHAN, J., delivered the opinion of the Court.

The appellant, Samuel Weinstein, an infant, by his father and next friend, sued Aaron Meyer, in the Court of Common Pleas of Baltimore City, for personal injuries alleged to have been caused by the negligent operation of an automobile by the appellee. The case was tried before a jury, the verdict was for the defendant, and, from a judgment for costs, the plaintiff appealed.

The important question here presented is raised by the overruling of special exceptions to the defendant's third, fourth, and fifth prayers. This action of the court submitted to the jury the question whether there had been contributory negligence on the part of the plaintiff. There were no general exceptions filed to the granting of these

prayers. The plaintiff contended that there was no evidence of contributory negligence on his part to support these instructions. This contention is the present subject of inquiry.

Aaron Meyer, the appellee, was driving southward on the Reisterstown Road, which runs north and south. When he came to Suffolk Avenue, which runs east and west and joins, but does not cross, the Reisterstown Road, he made, or started to make, a right-hand turn into this avenue. At this time it was daylight and clear. The street was dry and there was no need for lights on cars. The evidence shows that the appellee was proceeding at a moderate rate of speed. The appellant is a boy, then about seventeen years of age, and, just before the accident, he had been walking on the pavement or sidewalk on the west side of Reisterstown Road and proceeding in a southerly direction, which was the same course as that of the automobile. When he came to Suffolk Avenue, he started to cross and had taken four or five steps into the bed of the avenue, and the injury complained of there occurred, as charged by the appellant.

The only persons testifying to facts relating to the happening of the accident were the plaintiff and the defendant. There is irreconcilable conflict in the testimony of the parties, and that of the appellant is inconclusive and contradictory in itself, but by a careful examination it may be gathered that the plaintiff proceeded to cross Suffolk Avenue and had gotten four or five steps from the curb, as testified by him, and was then, as shown by the appellee, talking to a girl or woman on the other side of the street and, while the plaintiff's testimony was to the effect that he looked in both directions on Reisterstown Road before he proceeded to cross Suffolk Avenue, and saw nothing approaching, his testimony cannot be accepted as conclusive. It has been many times decided by this court that if a witness testified that he did look and did not see approaching danger when, as a matter of fact, if he had looked he could have seen it, such testimony cannot be accepted as credible

and is unworthy of consideration. *Balto. & O. R. Co. v. Newton,* 137 Md. 21, 111 A. 481; *Maryland Elec. Ry. Co. v. Beasley,* 117 Md. 270, 83 A. 157. The most rational conclusion to be drawn from the testimony is that he did not look, else he would have seen the approach of the automobile, because he had only made four or five steps before the alleged accident occurred. He evidently did not use that care and precaution that the law exacts of a pedestrian in crossing a city street, and his conduct at least was such that an inference of contributory negligence might be drawn, and this question was properly submitted to the jury.

The facts and circumstances as disclosed afford some evidence to support the prayers that were granted. The plaintiff himself testified, "I was proceeding down south towards Carlin's Park when I came to the intersection of Suffolk Avenue and Reisterstown Road. As I got there I looked around and there wasn't any machines passing and I proceeded across, and I was about four or five steps out and all of a sudden a machine swung around— Q. Now, Suffolk Avenue at that point, does that cross Reisterstown Road on the east of Reisterstown Road? A. No, sir. Q. In other words, it stops at Reisterstown Road? A. Yes, sir. Q. When you looked to your left and your right did you see any vehicles coming? A. No, sir."

And again the plaintiff testified, "Q. Now, as you were about to cross this intersection of Reisterstown Road and Suffolk Avenue, what did you do? A. I looked around to see if any machines were coming. Q. Where did you look? A. I looked down on Suffolk Avenue and down on Reisterstown Road. Q. You mean west on Suffolk Avenue? A. Yes, that would be west on Suffolk Avenue. Q. And did you look the other way, too? A. Around on Reisterstown Road. Q. Did you see any automobiles there? A. At that particular time there were no machines passing on the Reisterstown Road. There might have been about a block away, but I had ample time to get across, I supposed. There were no machines on Suffolk Avenue coming east on Suffolk Avenue, but on Reisters-

town Road maybe there was one machine or two. Q. Well, did you see any near the intersection? A. No, sir, I didn't particularly notice. Q. You didn't see any. The Witness: I couldn't say whether there were one or— Q. Did you look up Reisterstown Road to the north? A. Yes, I took a casual glance around. Q. Did you look both ways on Reisterstown Road? A. Yes, sir. Q. Both ways? A. Yes, sir. Q. All right. And then you stepped off the sidewalk, is that right? A. Yes, sir. Q. And about how far had you proceeded when you say this automobile struck you? A. Around four or five steps. Q. Did you see this automobile at any time before you claim it struck you? A. Well, I didn't notice."

It is conclusive that, had the plaintiff looked in both directions on Reisterstown Road before he left the curb, he must have seen this automobile. The better conclusion is that he did not look and that his attention was directed to a person on the other side of the street, to whom, according to the uncontradicted testimony, he was talking. It is a well established principle that where testimony is conflicting, this presents a question for the jury and should be submitted, under proper instructions, which was done in this case. The defendant testified that he did not strike the plaintiff and the first he heard of the accident was when he received a letter from the plaintiff's attorney. The damages complained of only consisted in an injury to the plaintiff's nose, not serious in character.

The appellant raises the further contention that the question of contributory negligence was unduly accentuated in the several prayers that were granted, and that the case should be reversed upon that ground, as well as upon the rulings on the special exceptions above considered. No general exceptions to the granting of these prayers were taken, nor does it seem from the record that any point was made of it in the court below, and there is another reason why the plaintiff should not be heard to urge this objection. The plaintiff offered a general prayer and concludes with this language, " * * * If

the jury further find that either one or more of these acts or omissions was or were the direct cause of the accident and injury then the verdict of the jury must be for the plaintiff; provided that plaintiff in no way contributed to the accident." It will be observed that the very matter of which the plaintiff now complains was first inaugurated by him in the proviso in his prayer as to contributory negligence. It is very true that the three prayers, third, fourth, and fifth of the defendant, presented the question of "due care and caution on the part of the plaintiff," "the negligence of the plaintiff," and "that the plaintiff was also guilty of negligence." One of these three expressions is to be found in each of the three prayers, but the prayers would be objectionable had this element been excluded from consideration by the jury. As there were no general exceptions to the granting of these prayers, and this question, it seems, was not presented in the lower court, and for the further reason that the plaintiff introduced the same proviso in his prayer, this court cannot find in the situation reversible error. Therefore, if the case were properly before us, the judgment would be affirmed, but as there is no sufficient bill of exceptions in the record, it will be necessary to dismiss the appeal.

*Appeal dismissed.*